UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRETCHEN SCHOENHAAR<br><br>Plaintiff,<br><br>v.<br><br>PHH CORPORATION f/k/a CENDANT MORTGAGE<br><br>Defendant. | Civ. No. 12-2049 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant PHH Corporation's ("PHH's") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Pro se* Plaintiff Gretchen Shoenhaar has not opposed the motion.[1] For the reasons set forth below, Defendant's motion is **GRANTED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The allegations in Plaintiff's Complaint are less than artfully plead. However, certain documents attached to Defendant PHH's motion to dismiss help to flesh out the timeline of events set forth in Plaintiff's pleading. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993) (the court

---

[1] Defendant certified that a copy of the motion was sent to Plaintiff at 15 Parsippany Road, Whippany, NJ 07981, via overnight delivery on April 26, 2012. (ECF No. 6-6.) However, on June 19, 2012, the Court received a letter from Plaintiff inquiring into whether a motion to dismiss was pending and indicating that she never received a copy of tat motion. (ECF No. 7.) In response, the Court confirmed via letter that the motion was indeed pending. (ECF No. 8). Since that time, Plaintiff has not filed any additional papers with the Court.

1

may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s].")

Based on those documents, the Court notes the following: <u>First</u>, that on January 31, 2000, PHH[2] loaned Plaintiff's $228,000.00, as set forth in the parties' fixed rate mortgage note (the "Mortgage"). (Cert. of Elizabeth J. Kim, Ex. A, ECF No. 6.) As part of the Mortgage, PHH received a security interest in Plaintiff's residence located at 15 Parsippany Road, Whippany New Jersey. (*Id*. at Ex. B.) <u>Second</u>, that based on Plaintiff's alleged failure to make certain mortgage payments, PHH informed Plaintiff that it intended to foreclose on the Whippany property on at least five separate occasions, via letters dated October 17, 2005, May 16, 2007, July 17, 2007, August 15, 2007, and January 12, 2012. (*Id*. at Ex. D.) And <u>third</u>, that Plaintiff has filed three separate Mortgage-related complaints against PHH with the New Jersey Department of Banking and Insurance. (*Id*. at Exs. E, F, G.) The Court will now address the substance of Plaintiff's pleading.

Plaintiff's Complaint is loosely divided into fifteen "Counts" that are rarely specific on dates and often contain overlapping factual allegations.[3] However,

---

[2] At that time, PHH was still doing business as Cendant Mortgage Company.
[3] There are no is Fourteenth or Fifteenth Count in the copy of the Complaint which PHH e-filed with the Court.

when liberally construing the pleading, the Court gleans that Plaintiff alleges the following:[4]

PHH used fraudulent means when it originally loaned Plaintiff money in 2000. (Compl. Seventeenth Count). In 2001 and again in 2007, PHH filed fraudulent foreclosure actions against Plaintiff. The 2001 foreclosure action was resolved sometime in 2002; the 2007 foreclosure action was dismissed on June 8, 2011. (*Id*. at First, Fifth Counts.) These foreclosure actions have caused Plaintiff considerable emotional distress and injured her reputation. (*Id*. at Second, Third, Sixth Counts.)

After the 2007 foreclosure action was dismissed, PHH failed to provide Plaintiff with an accurate mortgage payoff statement in a reasonable amount of time. (*Id*. at Seventh, Eighth, Tenth Counts.) And since 2007, PHH has failed to provide certain other mortgage documents to Plaintiff. (*Id*. at Sixteenth Count.)

At the time PHH commenced each foreclosure action, it reported incorrect information to credit bureaus. And each time, PHH failed to correct those inaccurate reports in a reasonable amount of time. (*Id*. at First, Third Counts.) Due to PHH's negligence and inaccurate reporting, Plaintiff has suffered widely fluctuating credit scores and therefore cannot refinance her Mortgage or receive additional lines of credit. (*Id*. at Ninth, Eleventh, Twelfth Count.) PHH's failure

---

[4] As this is a 12(b)(6) motion to dismiss, the following version of events assumes Plaintiff's allegations in the Complaint are true.

to correct its inaccurate reports violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (*Id*. at Eighth Count.)

Plaintiff also claims that PHH "contacted [Plaintiff] repeatedly by automated messages on [Plaintiff's] voicemail" and continued to call her after she requested that PHH stop contacting her by phone. (*Id*. at Thirteenth Count.) Plaintiff does not specify the purpose of PHH's phone calls. Plaintiff asserts that PHH's behavior violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. (*Id*.)

On February 29, 2012, Plaintiff filed this action in New Jersey Superior Court. On April 5, 2012, Defendant removed this matter to district court in the light of Plaintiff's FCRA and FDCPA claims (Eighth and Thirteenth Counts, respectively). Thereafter, Defendant filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations

in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id*. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556).

### B. The Fair Credit Reporting Act

FCRA was enacted to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gelman v. State*

*Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d. Cir.2009) (*quoting Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007). In the Eighth Count of her pleading, Plaintiff asserts that PHH violated an unspecified provision of FCRA by providing inaccurate information to "credit bureaus," which, in the context of her pleading, the Court infers to mean credit reporting agencies such as Experian, Equifax, and Trans Union LLC ("Reporting Agencies"). Although FCRA is primarily aimed at Reporting Agencies, § 1681s–2 of FCRA imposes certain duties on creditors that furnish information to those agencies ("Data Furnishers"). *Cosmas v. Am. Exp. Centurion Bank*, CIV.07-6099 (FLW), 2010 WL 2516468, at *7 (D.N.J. June 14, 2010).

More specifically, under FCRA, Data Furnishers are required to do two things. First, under § 1681s–2(a), Data Furnishers must provide accurate information to Reporting Agencies. However, because there is no private right of action for consumers to enforce this duty against Data Furnishers, to the extent Plaintiff asserts a violation of 15 U.S.C. § 1681s-2(a), her claim will be **DISMISSED WITH PREJUDICE**. *See, e.g., Henderson v. Equable Ascent Fin.*, LLC, CIV.A. 11-3576 SRC, 2011 WL 5429631, at *4 (D.N.J. Nov. 4, 2011) (same) (*citing Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Burrell v. DFS Servs., LLC*, 753 F.Supp.2d 438, 445 (D.N.J. 2010)).

<u>Second</u>, under § 1681s–2(b), a Data Furnisher is required to undertake an investigation once that Data Furnisher receives notice from a Reporting Agency that a consumer has disputed the accuracy of information provided by that Data Furnisher to that Reporting Agency.  To state a § 1681s–2(b) claim against a Data Furnisher, a plaintiff must plead facts showing that: (1) he sent notice of disputed information to a Reporting Agency, (2) the Reporting Agency then notified the Data Furnisher of the dispute, and (3) the Data Furnisher failed to investigate and modify the inaccurate information.  *See, e.g., Henderson*, 2011 WL 5429631, at *3 (D.N.J.  Nov. 4, 2011) (citing cases).

In her Complaint, Plaintiff alleges that PHH repeatedly reported incorrect information to Reporting Agencies and failed to correct those inaccurate reports in a reasonable amount of time.  However, because Plaintiff has not alleged that she disputed the accuracy of that information with those Reporting Agencies, she has failed to state a claim that PHH breached its duty to investigate disputed credit information under 15 U.S.C. § 1681s–2(b).  Accordingly, to the extent Plaintiff asserts a violation of 15 U.S.C. § 1681s-2(b), her claim will be **DISMISSED WITHOUT PREJUDICE**.    *See Id.* at *4 ("Plaintiff does not assert that he had any contact with the [Reporting Agencies, and since] Plaintiff did not notify the [Reporting Agencies] of his dispute, Defendant [Data Furnisher]'s duty to investigate the accuracy of Plaintiff's account information was not triggered, and

Plaintiff fails to state a claim for relief under 15 U.S.C. § 1681s–2(b)").)  In light of the foregoing considerations, PHH's motion to dismiss the Eighth Count will be **GRANTED**.

### C. The Fair Debt Collection Practices Act

The purpose of the FDCPA is to "eliminate abusive debt collection practices by **debt collectors**," who are persons and companies who attempt to collect "debts owed or due or asserted to be owed or due another."  15 U.S.C. §§ 1692a(6), 1692(e).  The term "creditor," in contrast, means any person who offers or extends credit creating a debt.  *Id*. at § 1692a(4).  Because the FDCPA's provisions typically apply only to debt collectors, creditors are generally not subject to the FDCPA.  *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000); *see also Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf.").

In the Thirteenth Count of her pleading, Plaintiff asserts that PHH, the company who initiated the Mortgage, violated the FDCPA, when, for unspecified reasons, PHH repeatedly called Plaintiff, even after she requested that PHH stop contacting her by phone.  These factual allegations fail to support an FDCPA claim.  First, under the FDCPA, PHH is Plaintiff's creditor, not a debt collector.  Thus, as pled, PHH's actions are not subject to the FDCPA .  *See Siwulec v. Chase Home Fin., LLC*, CIV.A. 10-1875, 2010 WL 5071353, at *3-5 (D.N.J. Dec. 7,

8

2010) (motion to dismiss FDCPA claims granted where plaintiff insufficiently allegations that defendant was a "debt collector". Second, because Plaintiff fails to specify the purposes for PHH's phone calls, she has failed plead facts showing that the purpose PHH's communications was to collect a debt. *Id*. at *3 (*citing F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 167 (3d Cir. 2007). In light of the foregoing considerations, PHH's motion to dismiss the Thirteenth Count will be **GRANTED**.

### D. Plaintiffs' State Law Claims

Although Plaintiff's pleading is not a model of clarity, it is clear that she has made some claims against PHH arising under New Jersey law. However, at this time, the Court declines to exercise supplemental jurisdiction over these state law claims. 28 U.S.C. § 1367(c)(3) ("the district court[ ] may decline to exercise supplemental jurisdiction [if] the district court has dismissed all claims over which it has original jurisdiction."). *See also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary"). Accordingly, the Court will dismiss this matter in its entirety, without prejudice.

9

## III. CONCLUSION

For the reasons stated above, Defendants' Rule 12(b)(6) motion is **GRANTED** and the Eighth and Thirteen Counts of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE**.[5]  An appropriate order follows.

/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 3, 2012.**

---

[5] Although dismissal of Plaintiff's FCRA claim in its entirety is **WITHOUT PREJUDICE**, to the extent Plaintiff asserted a claim arising under FCRA § 1681s-2(a), that dismissal is **WITH PREJUDICE**.